### MAHONEY *v.* NEW YORK CENT. & H. R. R. CO.

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

1. MASTER AND SERVANT—INJURIES TO RAILROAD EMPLOYES—EVIDENCE.

   In an action to recover damages for injuries to plaintiff's intestate, causing his death, it appeared that there were no eye-witnesses of the accident, which occurred in the night-time, but it was stipulated that intestate was injured between two designated cars while coupling the same, and that one of those cars was out of repair by reason of the absence of the bumper. *Held*, that the evidence was sufficient to warrant the submission to the jury of the question whether deceased was injured by reason of the defective car.

2. SAME—CONTRIBUTORY NEGLIGENCE—COUPLING CARS.

   A railroad employe is not guilty of contributory negligence in attempting to couple cars by entering between them on the inside of a curve, when signals were being made on that side of the train which it was necessary for him to observe.

3. SAME—DUTY TO OBSERVE DEFECTS.

   Plaintiff's intestate, a railroad brakeman, was killed while attempting to couple cars in the night-time, one of which was without a bumper. *Held*, that decedent was not guilty of contributory negligence in not examining the car and observing the defect before attempting to couple it.

4. SAME—ASSUMPTION OF RISKS.

   Plaintiff's intestate attempted to couple two slowly-moving cars, one of which was without a bumper, and was caught between them, and killed. *Held*, that such accident was not a risk assumed by intestate in his contract of service.

Appeal from circuit court, Orange county.

Action by Anna Mahoney, administratrix of James Mahoney, deceased, against the New York Central & Hudson River Railroad Company, lessee, to recover damages for the death of plaintiff's intestate, who was killed while attempting to couple defendant's cars in the night-time. From a judgment for plaintiff, defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*Ashbell Green*, (*A. S. Cassidy*, of counsel,) for appellant. *John M. Gardner*, for respondent.

PRATT, J. This is an action for damages in causing the death of plaintiff's intestate, James Mahoney, an employe, on February 11, 1890, while coupling cars. Three defenses are interposed: (1) Contributory negligence on the part of the intestate; (2) that the accident was a risk taken by the defendant in his employment; and (3) freedom of negligence on the part of the defendant. Coupled with these three defenses is a preliminary one that the evidence does

not show with sufficient certainty how the accident occurred.  It was stipulated upon the trial that the intestate was injured between two certain designated cars while coupling the same, and that one of the cars was out of repair by reason of the absence of the bumper, which permitted the cars to come so close together as to crush the deceased.  We think, under the stipulation and proofs, there was sufficient evidence from which the jury might be permitted to infer that the deceased was injured by reason of the defective car. The exact time and place of the accident was proved.  The defect in the car, and the fact that he was crushed between the two designated cars, taken together, afford very strong proof as to how the injuries were inflicted; enough, at all events, to warrant a submission of the issue to the jury. The defendants claim that the deceased ought not to have attempted to couple the cars upon the inside of the curve.  The evidence disposes of this contention, as it appears the signals were given upon that side, which it was necessary the deceased should observe.  Whether the intestate should not have observed the defect in the car before attempting to couple it is a more serious question; but that has been passed upon by the jury, and in view of some late decisions we cannot say that their finding should be set aside.  The case of *Goodrich* v. *Railroad Co.*, 116 N. Y. 398, 22 N. E. Rep. 397, seems analogous to this case in principle, and must be regarded as controlling upon the questions of negligence of the parties, and also whether the accident was a risk assumed by the intestate in his contract of service.  The fact that such work is performed much of it in the night-time, and in great haste, and under much noise and excitement, makes it reasonable that the employe should receive all the protection that reasonable care upon the part of the employer can give.  A fine point is made as to the inspection of this defective car after its arrival at the yard.  The jury may have found that the company was negligent in not inspecting it before the accident, and hence not have believed the witness who testified that it was seen and marked "dead head" soon after the accident, or they may have believed it was so marked after the accident.  If we assume it was so marked before the accident, then it would seem to follow that the deceased should have seen the mark, and avoided the accident, and also to follow that the defendant did its whole duty in matters of inspection.  So far as the evidence shows, the bumper may have been off the car for a long time prior to the accident.  If such an impression could be drawn, something more was necessary on the part of the defendant than to show a rule of the company by which the inspectors were to be appointed.  It was the duty of the defendant to furnish safe cars, and to remedy any defects upon reasonable notice or reasonable opportunity to be apprised of any defects. This part of the case is not as clear and satisfactory as it might be, but all the issues of negligence were fairly left to the jury, and we think their verdict should stand.  The plaintiff had a right to avoid the release by showing that it was fraudulently obtained.  We also think the court was right in refusing to fix a time within which the defendant would not be negligent in inspecting the cars at this place.  It is plain that such matters depended upon circumstances,—such as the number of cars and amount of labor to be performed at the time.  It was therefore left to the judgment of the jury.  We have examined the exceptions, and find no error sufficient to reverse the judgment, which is therefore affirmed, with costs.